UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DANNY ATTERBURY,                                     No. C 07-6256 MHP (pr)

        Plaintiff,                                              **ORDER OF SERVICE**

   v.

ED FOULK; et al.,

        Defendants.
                                     /

## INTRODUCTION

Danny Atterbury, currently in custody at the Napa State Hospital pursuant to a determination that he was not guilty by reason of insanity of criminal charges brought against him, filed a pro se civil right complaint under 42 U.S.C. § 1983. He applied to proceed as a pauper in this action.

## BACKGROUND

Atterbury alleged the following in his complaint regarding acts and omissions at Napa State Hospital:

On April 23, 2007, defendant Katie Cooper caused him to be transferred from ward T-4 to the less favorable ward T-7. Ward T-4 is a more agreeable place to be housed because it is calmer and less violent, has vending machines and other privileges available, and the inmates are allowed to have $40.00 cash in their possession each week. Defendant Cooper told Atterbury he was being transferred to ward T-7 because he had asked to be moved to an honor unit and he was going to ward T-7 to wait for bed space to open on an honor unit. Atterbury explained that he did not want to be on ward T-7 because of his age and old spinal

injury, ward T-7 was more dangerous, and moving someone to that ward was not the procedure to get to an honor unit. Nonetheless, Cooper had Atterbury moved. He was separated from his legal materials and papers for about a week.

Atterbury was "violently attacked and threatened with violence several times since [he was] housed on ward T-7." Complaint, p. 4. He alleged that one day, when he was talking to staff, another patient hit him in the side of the face; staff told the patient to go watch television and did not examine Atterbury for injury (although he does not allege that he was injured or required any care). Atterbury also alleged that staff occasionally made comments to cause other patients to become irritated with him. For example, on December 3, 2007, defendant Gwen [lnu] announced to the ward that no one could go out to the courtyard and smoke because Atterbury had not taken his medication. Some patients yelled at him for delaying their smoking time.

Atterbury alleged that he made several requests to defendant Ed Foulk to be moved to a "safer ward and a ward where [he] can take it easy with [his] spinal injury, but he will not move" Atterbury. Complaint p. 5. Atterbury's friend outside the hospital also made requests to Foulk and defendant Mike Stolp to move Atterbury, but they refused.

Atterbury also alleged that he complained to the patients' rights specialist, Mike Hansen, asking for help getting moved to a safer ward. Hansen wrote a letter – the one attached to the complaint is dated two days before the complaint was signed – in which Hansen mentioned that hospital staff members reportedly were planning to lock patients out of their rooms during the day to coerce them to attend groups and accept psychiatric and psychological services. Atterbury apparently does not want to participate because he does not believe there is a legitimate scientific basis for psychiatry and psychology.

## DISCUSSION

The court must dismiss an in forma pauperis action at any time if the court determines that the allegation of poverty is untrue, the action is frivolous or malicious, the action fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant immune from such relief. See 28 U.S.C. § 1915(e). Pro se pleadings must be liberally

2

1 construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

2 To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that
3 a right secured by the Constitution or laws of the United States was violated, and (2) that the
4 violation was committed by a person acting under the color of state law. See West v. Atkins,
5 487 U.S. 42, 48 (1988).

6 Liberally construed, the complaint appears to allege a cognizable claim for a failure to
7 protect Atterbury. Atterbury alleged that defendant Cooper put him in a ward with other
8 dangerous people, defendant Gwen exacerbated the danger by telling other dangerous
9 inmates that Atterbury's actions were the cause of the delay in their release to the smoking
10 area one day, and defendants Foulk and Stolp refused to move him out of that dangerous
11 ward after he complained about the danger and/or being attacked. At this point, it is not clear
12 whether the failure-to-protect claim should be analyzed as if the plaintiff is a prisoner or as a
13 civilly committed person or as having some other status. That determination is relevant to
14 the constitutional provision under which the claim arises: a convict's claims arise under the
15 Eighth Amendment, whereas the claims of a pretrial detainee or person civilly committed
16 arise under the Fourteenth Amendment. Giving the pro se complaint the liberal construction
17 that is required, it appears that the allegations in the complaint are sufficient to allege a
18 cognizable failure-to-protect claim against defendant Cooper, Gwen, Foulk, and Stolp. See
19 generally Farmer v. Brennan, 511 U.S. 825, 832 (1994) (Eighth Amendment requires that
20 prison officials take reasonable measures to protect safety of prisoners); Youngberg v.
21 Romeo, 457 U.S. 307 (1982) (Due Process Clause requires state to provide involuntarily
22 committed mental patients with services necessary to ensure reasonable safety); Redman v.
23 County of San Diego, 942 F.2d 1435, 1443 (9th Cir. 1991) (en banc), cert. denied, 502 U.S.
24 1074 (1992) ("deliberate indifference is the level of culpability that pretrial detainees must
25 establish for a violation of their personal security interests under the [F]ourteenth
26 [A]mendment").

27 The other features that made ward T-7 less agreeable than ward T-4 (e.g., the lack of a
28 calm atmosphere and the lack of vending machines and other privileges) are legally

3

inconsequential. The due process or Eighth Amendment issue raised by the complaint concerns the failure to protect plaintiff from harm by other persons at the hospital, and not the relative amenities available in the different wards at a mental hospital.

The separation of Atterbury from his legal materials for a week does not rise to the level of a constitutional violation. There is no allegation that the problem caused any actual injury, which is necessary to state a claim for violation of the right of access to the courts. See Lewis v. Casey, 518 U.S. 343, 350-51 (1996).

The complaint does not state a claim for a First Amendment violation. Atterbury asserted in his complaint that the First Amendment prohibits the government "from forcing any person to accept, adhere to, or financially support any ideology, religion, or any body of beliefs, including psychiatric [sic]." Complaint, p. 5. The facts alleged – that hospital officials reportedly might take steps to try to encourage patients to participate in psychiatric and psychological programs – do not amount to an infringement on plaintiff's First Amendment rights. The claim is dismissed.

## CONCLUSION

For the foregoing reasons,

1.     Plaintiff has stated a cognizable § 1983 claim against defendants Ed Foulk, Katie Cooper, Mike Stolp, and psychiatric technician Gwen [last name unknown] for failing to protect him/deliberate indifference to his safety.   All other claims are dismissed.

2.     The clerk shall issue a summons and the United States Marshal shall serve, without prepayment of fees, a copy of the complaint and this order upon the following persons who apparently are employed at Napa State Hospital:

- Ed Foulk (executive director)
- Katie Cooper (former Program 2 director)
- Mike Stolp (former Program 1 director)
- psychiatric technician Gwen [last name unknown]

3.     In order to expedite the resolution of this case, the following briefing schedule for dispositive motions is set:

4

      a.    No later than **September 19, 2008**, defendants must file and serve a motion for summary judgment or other dispositive motion. If defendants are of the opinion that this case cannot be resolved by summary judgment, they must so inform the court prior to the date the motion is due.

      b.    Plaintiff's opposition to the summary judgment or other dispositive motion must be filed with the court and served upon defendants no later than **October 31, 2008**. Plaintiff must bear in mind the following notice and warning regarding summary judgment as he prepares his opposition to any summary judgment motion:

> The defendants may make a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. (See Rand v. Rowland, 154 F.3d 952, 962-63 (9th Cir. 1998).

      c.    If defendants wish to file a reply brief, they must file and serve the reply brief no later than **November 14, 2008**.

4.    All communications by plaintiff with the court must be served on a defendant's counsel by mailing a true copy of the document to defendant's counsel. The court may disregard any document which a party files but fails to send a copy of to his opponent. Until a defendant's counsel has been designated, plaintiff may mail a true copy of the document directly to defendant, but once a defendant is represented by counsel, all documents must be mailed to counsel rather than directly to that defendant.

5.    Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local

Rule 16-1 is required before the parties may conduct discovery.

6. Plaintiff is responsible for prosecuting this case. Plaintiff must promptly keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Plaintiff is cautioned that he must include the case name and case number for this case on any document he submits to this court for consideration in this case.

7. Plaintiff's motion to serve process and the request for process to issue are DISMISSED as unnecessary. (Docket # 6, # 7.) The court addresses service of process issues when it conducts the initial review, as it has done in this order.

8. The <u>in forma pauperis</u> application is GRANTED. (Docket # 3.) However, plaintiff must pay a partial filing fee of $5.00 no later than **August 1, 2008**, because he does have some regular income and some funds available to him in his hospital trust account. Failure to pay the partial filing fee by the deadline will result in the dismissal of this action.

IT IS SO ORDERED.

Dated: July 8, 2008

_____
Marilyn Hall Patel
United States District Judge