1  Danny Atterbury
2  2100 Napa Vallejo Hwy.
   Napa, CA 94558
3  In pro per



IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| DANNY ATTERBURY | No. CV 07 6256 MHP (PR) |
|---|---|
| Plaintiff, | NOTICE OF RELATED CASES (Civil L.R. 3-12(a), AND REQUEST FOR COURTS TO CERTIFY THIS AND RELATED CASES AS A CLASS ACTION. |
| v. | |
| ED FOULK; et al., | |
| Defendants. | |

**Class Certification**

This case meets all the prerequisites to a class action set forth in Federal Rules of Civil Procedure, Rule 23, and the lawsuits other patients filed and are pending in this Court's San Jose Division against NSH meets all the prerequisites to a class action. (See C 03-2414 RMW RS (PR); C-07-0329-RMW; CV 08 2419 SI (PR); CV 08 2795 SBA (PR), inter alia.)

However, I cannot bring these actions as a class action, or represent any other individuals other than myself, and the Courts have ruled that pro se plaintiffs are not adequate class representatives able to fairly represent and adequately protect the interests of the class. (*Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975); see also *Russell v. United States*, 308 F.2d 78, 79 (9th Cir. 1962) ("a litigant appearing in propria persona has no authority to represent anyone other than himself, so class certification may be denied on that basis. (*Griffin v. Smith*, 493 F. Supp. 129, 131 (W.D.N.Y. 1980) (denying class certification on basis that pro se

1



prisoner cannot adequately represent class). Therefore, this action cannot proceed as a class action unless the Court certifies this and the other patients' lawsuits as a class action.

## Conclusion

NSH has been in existence for over one hundred years and I could not find one instance where the conditions of confinement at NSH have been examined in all that time by a federal or state court, I do not believe that this is because NSH is without blemish, and I could not find one instance where a mental patient has successfully sued NSH.

The U.S. Department of Justice did sue NSH twice in last two decades for, in the department's own words, Napa's failure to provide adequate medical care, adequate nursing care, adequate nutritional services, and for putting its patients' lives in danger; but NSH quickly signed consent judgments each time and hired their own conflict of interest monitors to ensure "business continued as usual" and so it does.

## Request

Therefore, I respectfully request the Court to certify this as a class action and to appoint counsel to represent me and the other plaintiffs due to the following, but not limited to, reasons:

(1) The issues in these cases require investigation, discovery, expert testimony, and proof to be resolved and this is virtually impossible to accomplish without counsel;

(2) These cases involve complex legal issues (*James S. Liebman & Randy Hertz*, Federal Habeas Corpus Practice and Procedure. (3 ed. 1998);

(3) Pro se mental patients need counsel to conduct discovery;

(4) I cannot represent a class and this and the other cases filed against NSH fit all the Rule 23 prerequisites to a class action and this lawsuit and the others have an excellent chance of winning with a lawyer's representation. (See *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983 (per curim); see also *Winsett v. Washington*, 130 F.3d 269, 281 (7th Cir. 1997), quoting *Forbes v. Edgar*, 112 F.3d 262, 264 (7th Cir.1997)

(5) As stated above, these cases raises issues of grave public concern and the United States Supreme Court has suggested the importance of determining important issues, which would not otherwise be decided. This is one of the types of cases where persons at low levels are perpetually deprived of constitutional rights and should not be left utterly remediless and defenseless against repetitions of unconstitutional conduct. (*See Sibron v. New York* (1968) 392 U.S. 40, 52-53 [20 L.Ed.2d 917, 928-929, 88 S.Ct. 1889].)

Therefore, I respectfully request the Court to appoint counsel to represent me and the other plaintiffs on the lawsuits filed against defendants at Napa State Hospital, and certify this

and the other lawsuits as a class action. In the event the Court declines to certify this lawsuit as a class action, I request the Court to appoint counsel to represent me on this lawsuit.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Respectfully submitted,                                            Date: 7/14/08

*[signature]*
Danny Atterbury

Copies to: (1) The Honorable Ronald M. Whyte, United States District Court Judge, San Jose Division, Northern District of California.

(2) Citizens Commission on Human Rights, William Sargent, Shasta County; and Jeff Griffin, Los Angeles California.

(3) Law Offices of Kobrin & Moxon
CCHR Attorney--Mr. Kendrick Moxon, Esq.
3055 Wilshire Blvd., Suite 900
Los Angeles, CA 90010

(4) David Feldman—Attorney at Law
233 Wilshire Blvd., Suite 400
Santa Monica, California 90401

3

13-Jul-08
Danny Atterbury
2100 Napa Vallejo Hwy.
Napa, CA 94558

Office of the Clerk
United States District Court
Northern District of California
450 Golden Gate Ave.
San Francisco, California, 94102

TO THE COURT:     *C07-6256 MHP*

    Please find enclosed motions and pleadings titled as follows:

1. Request Leave to Amend Complaint to Cure Deficiencies, and Reasonable Time Within which to do so, Request Leave to file Motion for Court to Reconsider Dismissed Claims (Civil L.R. 7-9 (a)-(b)), and Request for Court to Hold Case Exempt from Prison Litigation Reform Act (PLRA);

2. Request for Temporary Restraining Order, Preliminary Injunction, Order to Show Cause, and Appropriate Protective Order Relief;

3. Notice of Related Cases (Civil L.R. 3-12(a), and Request for Courts to Certify this and Related Cases as a Class Action

4. Request Leave to file Motion for Reconsideration of Dismissed Social Security Claim, Motion to Amend Complaint, and Motion for Appointment of counsel.

    Please return a copy of the first page of each motion or pleading stamped filed for my records or a printout of the docket sheet after these documents are entered and filed. I have enclosed $1.00 in a separate enclosed envelope to pay the cost for the copies.

Sincerely,

Danny Atterbury

*[signature]*