UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANNY ATTERBURY, | No. C 07-6256 MHP (pr) |
| Plaintiff, | **ORDER** |
| v. | |
| ED FOULK; et al., | |
| Defendants. / | |

The court issued an order of service on July 8, 2008, in this pro se civil rights action filed by Danny Atterbury, currently in custody at the Napa State Hospital. The court found cognizable a § 1983 claim against four defendants for failing to protect him/deliberate indifference to his safety and dismissed all other claims. This order addresses the several requests Atterbury has filed since the order of service was issued.

Atterbury's "request for court to serve summons and complaint" is DENIED as unnecessary. (Docket # 9.) The order of service directed the Marshal to serve process on the appropriate defendants. Further, because Atterbury's action was filed in forma pauperis the court had to review the complaint to determine on whom it should be served.

Atterbury's "request for temporary restraining order, preliminary injunction, order to show cause and appropriate protective order relief" is DENIED because Atterbury has not made an adequate showing of a need for interim relief. (Docket # 12.) The "traditional" test for injunctive relief requires the movant to: (1) establish a strong likelihood of success on the merits; (2) show the possibility of irreparable injury to the plaintiff if the preliminary relief is not granted; (3) show a balance of hardships favoring the movant; and (4) show that granting

the injunction favors the public interest. See Los Angeles Memorial Coliseum Comm'n v. Nat'l Football League, 634 F.2d 1197, 1200 (9th Cir. 1980). The "alternative" test requires that the movant demonstrate either a combination of probable success on the merits and the possibility of irreparable injury, or that serious questions are raised and the balance of hardships tips sharply in his favor. See Bernhardt v. Los Angeles County, 339 F.3d 920, 925 (9th Cir. 2003). Under either test, the likelihood of success on the merits matters. Atterbury has not made an adequate showing of his likelihood to succeed on the merits of this action. Also, the focus of his requested interim relief is different from the focus of his complaint in that it concerns a "junior psychiatric technician" named Virgil, who is not even mentioned in the complaint. See Kaimowitz v. Orlando, Fl., 122 F.3d 41, 43 (11th Cir. 1997), cert. denied, 523 U.S. 1138 (1998) ("A district court should not issue an injunction when the injunction in question is not of the same character, and deals with a matter lying wholly outside the issues in the suit"); Devose v. Herrington, 42 F.3d 470, 471 (8th Cir. 1994) ("a party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint").

    Atterbury's request for the court to certify this and related cases as a class action is DENIED because, as he notes in his request, pro se plaintiffs are not adequate class representatives. (Docket # 11.) His alternative request for appointment of counsel also is denied. A district court has discretion under 28 U.S.C. § 1915(e)(1) to designate counsel to represent an indigent civil litigant in exceptional circumstances. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986). This requires evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See id. Neither of these factor is dispositive and both must be viewed together before deciding on a request for counsel under section 1915(e)(1). Having considered both of these factors, the court concludes that exceptional circumstances requiring the appointment of counsel are not evident in this case.

    Atterbury's "request for court to issue relief to ensure plaintiff's mail is mailed on a daily basis and in a timely fashion" is DENIED. (Docket # 14.) See generally Wright v.

1 Rushen, 642 F.2d 1129, 1132 n.1 (9th Cir. 1981) (courts should avoid enmeshing themselves
2 in minutiae of prison operations in name of constitution).

3     Atterbury filed a request for leave to amend his complaint, to move for
4 reconsideration, and to exempt the case from the PLRA. The request is DENIED for the
5 reasons explained below. (Docket # 10.)

6     Atterbury may move to file an amended complaint (or simply file an amended
7 complaint if he does so before defendants file a responsive pleading). However, the court
8 will not rule on a motion to file an amended complaint when the proposed amended
9 complaint has not been submitted with the motion. Federal Rule of Civil Procedure 15(a)
10 provides that leave to amend "shall be freely given when justice so requires" but the court
11 cannot make that determination without seeing the proposed new pleading. See Lake v.
12 Arnold, 232 F.3d 360, 374 (3d Cir. 2000) ("Obviously, without this draft complaint, the
13 District Court cannot evaluate the merits of a plaintiff's request . . . [T]he court had nothing
14 upon which to exercise its discretion.")

15     Atterbury will not be given permission to file a motion for reconsideration because he
16 has not presented newly discovered evidence, the court did not commit clear error or make a
17 manifestly unjust decision as dismissal of the dismissed claims was proper, and there has not
18 been a change in controlling law. See School Dist. No. 11 v. ACandS, Inc., 5 F.3d 1255,
19 1263 (9th Cir. 1993), cert. denied, 512 U.S. 1236 (1994); Civil L.R. 7-9. To the extent
20 Atterbury wants to assert that he was deprived of his property for a year when he was
21 transferred in April 2007, he can include that claim in an amended complaint because that
22 change of facts presents a picture different from the de minimus one week separation from
23 his property during a transfer that he described in his original complaint. See Complaint, p.
24 3:20-22. An amended complaint rather than a motion for reconsideration is the place to
25 assert this new claim. Insofar as he is trying to assert a claim for denial of access to the
26 courts based on the confiscation of his legal materials, Atterbury should bear in mind that, as
27 mentioned in the order of service, an actual injury must be alleged to state a claim for a
28 violation of the right of access to the courts. To the extent Atterbury wants to complain

about a search of his room or property in April 2008, he should file a new action because that claim is not properly joined with the failure-to-protect claim the court found cognizable. See Fed. R. Civ. P. 20(a). In all other respects, the court declines to reconsider its earlier ruling.

Atterbury asks that this action be exempted from the PLRA. He appears to think that his pleadings will be more liberally construed if his case is not covered by the PLRA. He is incorrect, as the requirement of liberal construction exists for pro se litigants and the PLRA does not exempt prisoner cases from the rule. See generally Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005) (applying liberal construction rule to pro se prisoner complaint).

In light of Atterbury's expressed desire to amend his complaint, the court VACATES the briefing schedule for dispositive motions that was set in the order of service. Atterbury must file his amended complaint with any motion to amend no later than **September 26, 2008**. Atterbury is cautioned that this action is not the place for him to air all his grievances about his 20 year stay at Napa State Hospital and the field of psychiatry. He is advised to read again the February 22, 2006 Order in Atterbury v. Graziani, No. C 04-4413 MHP, as that order discussed many of the problems addressed in this order and provided guidance for the litigation of a civil rights action. In his amended complaint, Atterbury should refrain from asserting claims about other people's problems, and limit his allegations to alleged violations of his own constitutional rights. Finally, in light of Atterbury's assertions in other filings that his action requires prompt attention, he should note that the inclusion of irrelevant, frivolous, vexatious, and malicious requests and arguments – such as that at Request Leave To Amend, p. 13:9-14 in which he contests Napa State Hospital's name – delays the day when the court can turn its attention to the merits of his claims.

IT IS SO ORDERED.

Dated: August _1, 2008

_____
Marilyn Hall Patel
United States District Judge