Danny Atterbury
2100 Napa Vallejo Hwy.
Napa, CA 94558
In pro per

FILED
08 AUG 14 PM 12: 38

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| DANNY ATTERBURY | No. CV 07 6256 MHP (PR) |
|---|---|
| Plaintiff, | MOTION FOR COURT TO ORDER PROCESS SERVED, AND TO ISSUE PRELIMINARY INJUNCTIVE RELIEF DUE TO SERIOUS AND PAINFUL MEDICAL CONDITIONS. |
| v. | |
| ED FOULK; et al., | |
| Defendants. | |

    I received an outgoing legal mail receipt from the Napa State Hospital (NSH) Mailroom for the envelope containing a motion to amend and a proposed amended complaint I mailed to the Court on August 8, 2008, in accordance with the Court's order issued on August 1, 2008, and the court should have those documents on file.

    I received a letter from Chief Judge Vaughn R. Walker tonight answering questions from four different letters I wrote to the Chief Judge essentially about my plight and trying to get proper and meaningful medical treatment in a mental institution for about 8 years thus far without any success. In paragraph four of his letter Chief Judge Walker wrote "[i]t does not appear that either of your presently pending cases has been served although Judge Patel issued an order of service in 3:07-cv-06256 MHP on July 8, 2008." I was under the impression that process had been served sometime ago in accordance with Rule 4(b) Federal Rules of Civil Procedure, when the Court issued the order of service, and due to the nature of this complaint. I request the Court to serve summons forthwith.

1



My mother telephoned me tonight and asked me again if the doctors at NSH have given me treatment for a liver disease I may have been infected with at NSH due to unsanitary procedures and we were told is potentially fatal if not treated properly with medicines. I told my mother that I still have not had treatment for the liver disease or my spinal fracture, and she asked me what is wrong with these people. I told my mother it appears my custodians are trying to maximize profits and are not concerned with their captives' lives or the pain we suffer, contrary to the custodians' beneficent claims, or they would have properly treated the many patients that have already died here of liver disease and prevented the deaths.

Chief Judge Walker's letter, my mother's phone call, and the fact that I read *Wright v. Rushen*, 642 F.2d 1129 (9th Cir. 1981), tonight about the "balance of hardships" to the parties a court must consider before issuing injunctive relief prompted me to reapply for injunctive relief because the balance of hardships tip sharply in my favor. I have probable success on the merits and the possibility of irreparable injury if I do not get injunctive relief, because the defendants refused to provide proper and meaningful medical treatment for eight years and caused me worse injury and terrible pain all that time, and I have been told that if I do not get proper and meaningful medical care for the liver disease soon I might die. The only hardships to the defendants I can think of if the Court decides to issue injunctive relief and orders the defendants to quit picking on me and harassing me and provide proper and meaningful medical treatment would be that I am no longer in pain, I live, and I win the lawsuit. The defendants may consider those things as substantial hardships, but legally and morally those things should not be considered hardships on the defendants. Furthermore, the defendants do not have to pay any money for my medical care and NSH received $180,264.00 cost of care for each individual confined here in 2007 alone, the cost goes up every year, and I can demonstrate NSH has not spent much on me during the entire 20 years I have been confined here.

The Court in *Wright v. Rushen* cited *Bell v. Wolfish*, 441 U.S. 520, 562 (1979), and advised "courts to avoid enmeshing themselves in the minutiae of prison operations in the name of the Constitution," and explained "an institution's obligation under the eighth amendment is at an end if it furnishes sentenced prisoners with adequate food, clothing, shelter, sanitation, medical care." The institution's obligation under the eighth amendment has not ended in my case because I have not been given proper medical care in the past eight years for serious and potentially fatal medical conditions, although persons committed to mental hospitals like me are supposed to receive "more considerate treatment and conditions of confinement than criminals



whose conditions of confinement are designed to punish." (*Sharp vs. Weston*, 233 F. 3d 1166, 1172 (9th Cir. 2000), quoting *Youngberg v. Romeo* (1982) 457 U.S. 307 at 322, 102 S.Ct. 2452; Cf. *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976) Moreover, mentally disordered persons—regardless of their path to the institution—should be regarded as patients rather than inmates in institutions (*Department of Developmental Services v Ladd* (1990) 224 Cal.App. 3d 128, 137-138), and "mentally disordered persons charged with crime or to the criminally insane subject to judicial commitment shall be treated, not as criminals, but as sick persons." (California Welfare and Institutions Code, § 6250.)

Chief Judge Walker noted in his letter, "The earliest case in this district you filed, Civil No. 3:02 –cv-05571 MPH was assigned to Judge Patel." That is correct and that case was about the abuse, pain, and constitutional rights violations I was suffering; but the major contributing factors that prevented me from demonstrating to the Court that I need and deserve relief was the tremendous pain, disability, abuse, frustrations, and other horrors I was subjected to that put me in such a state that I could hardly function. The point is that I can prove that I have needed proper and meaningful medical treatment for the spinal injury and the liver problem since at least 2002, although the need of medical treatment, the consequent terrible pain, frustrations, etc., from this "parade of horribles" definitely impeded my efforts from obtaining court relief and medical care, and at times made me want to just give up and lay in bed.

A couple of weeks ago a patient named Anthony Buyuklian was moved from Ward T-7 to Ward Q-3&4 and a patient named Laurice Lavelle was moved from Ward Q-3&4 to Ward T-7, and I never heard about or saw any problems or violence from Anthony Buyuklian during the more than one year he was on Ward T-7 while I was housed on Ward T-7. However, Laurice Lavelle has attacked at least two other patients and put a staff member out of work since he was assigned to Ward T-7. Laurice has a lot of problems and appears to be delusional and he attacked both patients and the staff member suddenly and without warning by catching them off-guard when they were looking in the other direction and he pounded them in the face and head with his fists. I would not want to get attacked like this and being attacked could cause more injury to my spinal injury and I cannot block an attack very well because my balance is not very good due to the spinal injury. Defendant Stolp and his staff in the Program 1 Office know about my injury and transferring Laurice to Ward T-7 places me in an even more precarious position for more injury.

1  I do not know how anyone who has been through what I have been through in here for all
2  these years is supposed to feel about all this, but I do not feel hate or anything like that. I
3  consider the people that run this place think they are above the law and have not given much
4  thought to the cruelty of their acts and omissions, the pain I suffer, or their culpability, but no
5  one should be permitted to do this to another human being without adverse consequences
6  imposed to show other custodians that being nonchalant about the suffering of persons in their
7  charge and refusing medical treatment to anyone confined and unable to get treatment on their
8  own is criminal, deserves adverse consequences, and not all the adverse consequences should be
   at public expense.
9  I am not a lawyer and I realize that I am not a lawyer, but I have done all that I can,
10 considering my pro status and medical conditions, to show the Court this case figuratively
   "cries" for injunctive relief.

**Request**

11 Therefore, I respectfully request the Court to order process served forthwith and issue
12 injunctive relief as soon as possible and direct the defendants to treat me humanely and issue any
13 and all other relief that the Court deems just, equitable, and medically and otherwise appropriate
14 and proper.
15 I declare under penalty of perjury the foregoing is true and correct to the best of my
   knowledge, information, memory, and belief.
16 Respectfully submitted,                    Date: 8/13/08
17 Danny Atterbury
18 [signature]