UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANNY ATTERBURY, | No. C 07-6256 MHP (pr) |
| Plaintiff, | **ORDER** |
| v. | |
| ED FOULK; et al., | |
| Defendants. | |

The court issued an order of service on July 8, 2008, in this pro se civil rights action filed by Danny Atterbury, formerly in custody at the Napa State Hospital as an insanity acquittee. The court found cognizable a § 1983 claim against four defendants for failing to protect him/deliberate indifference to his safety and dismissed all other claims. The court also set a briefing schedule for dispositive motions. Shortly thereafter, Atterbury requested leave to amend his complaint but did not submit an amended complaint. The court vacated the briefing schedule for dispositive motions and gave Atterbury leave to file his amended complaint. He filed an amended complaint, which the court reviewed under 28 U.S.C. § 1915. Although the amended complaint was permitted because it was filed before the defendants filed a responsive pleading, the court determined that did not state any additional cognizable claims beyond those in the original complaint and did not name any additional defendants beyond those upon whom service of process had already been ordered. March 4, 2009 Order. The court set a new briefing schedule for dispositive motions. Defendants filed a dispositive motion by the scheduled date and, although many months have passed, plaintiff has not filed an opposition but has filed several other motions. This matter is now before the court for consideration of

plaintiff's recusal motion, plaintiff's "request for writ of replevin," and miscellaneous other matters, including plaintiff's failure to oppose the motion for summary judgment.

A.      Recusal motion

Recusal is the process by which a federal judge may be disqualified from a given case. Motions to recuse a district court judge are governed by two statutes, 28 U.S.C. § 144 and § 455. Section 144 applies only to district court judges but section 455 applies to all federal judges. In an extreme case, the Due Process Clause also might require recusal. See generally Caperton v. A.T. Massey Coal Co.,129 S. Ct. 2252 (2009).

Section 144 provides for recusal where a party files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against the party or in favor of an adverse party. The affidavit must state the facts and reasons for such belief. See 28 U.S.C. § 144. A judge finding the motion timely and the affidavits legally sufficient must proceed no further and another judge must be assigned to hear the matter. See id.; United States v. Sibla, 624 F.2d 864, 867 (9th Cir. 1980). If the judge finds the affidavits are not legally sufficient, recusal is simply denied. See 28 U.S.C. § 144; United States v.$292,888.04 in U.S. Currency, 54 F.3d 564, 566 (9th Cir. 1995) (affidavit inadequate when based on mere conclusory allegations). The affidavit is not legally sufficient "unless it specifically alleges facts that fairly support the contention that the judge exhibits bias or prejudice directed toward a party that stems from an extrajudicial source." Sibla, 624 F.2d at 868.

Plaintiff filed a motion to disqualify the undersigned in which he contends that the undersigned "virtually has not done anything and will not let the case progress." Motion To Disqualify, p. 1. He also contends that in earlier cases he filed, the undersigned "virtually ignored the lawsuits and did not let the cases progress," id., but does not identify which of his many earlier cases concern him. The court treats the motion as also being a declaration because Atterbury signed it under penalty of perjury. Plaintiff's motion/declaration is deficient under § 144 because the motion/declaration makes only conclusory allegations of bias/prejudice and does not indicate that the alleged bias or prejudice stems from an

extrajudicial source. See Sibla, 624 F.2d at 868. Because plaintiff's motion for recusal is legally insufficient, it need not be referred to another judge and is DENIED. (Docket # 58.)

The motion also fails under 28 U.S.C. § 455, which provides broader grounds for disqualification, requiring a judge to disqualify herself in any proceeding in which her impartiality might reasonably be questioned. See 28 U.S.C. § 455(a). Unlike § 144, § 455 has no provision for referral to another judge; rather, the judge at whom the motion is directed must determine whether bias or prejudice is shown. See Sibla, 624 F.2d at 868. Judicial rulings alone may constitute grounds for appeal, but almost never constitute a valid basis for a bias or lack of impartiality motion. See Liteky v. United States, 510 U.S. 540, 555 (1994); Leslie v. Grupo ICA, 198 F.3d 1152, 1160 (9th Cir. 1999). Recusal is appropriate where a "reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." Yagman v. Republic Ins., 987 F.2d 622, 626 (9th Cir. 1993) (citation omitted). Here, that hypothetical reasonable person knowing all the facts would know that each active judge in this district has several hundred cases pending at any given time and that a judge must allocate the limited resources available so that all cases receive fair consideration in a reasonably timely fashion. That hypothetical reasonable person would know that this case has been pending just under two years, that Atterbury filed an amended complaint ten months after filing the action, and that – notwithstanding signalling his intent to do so (see docket # 53) -- Atterbury has not filed his opposition to defendants' motion for summary judgment that has been pending for almost six months. That hypothetical reasonable person knowing all the facts would know that the court has rejected with explanation Atterbury's efforts to add additional claims in his amended complaint, which he nonetheless continues to press by motion for reconsideration. See March 4, 2009 Order (explaining pleading deficiencies); see also July 8, 2008 Order Of Service (explaining pleading deficiencies). While plaintiff may be able to spend all his time on this one case, that luxury is not available to the court. It takes time to research and rule upon motions, especially those that contain inadequate legal analysis or are supported by inadequate evidence; the time spent on each motion pushes back the day on which the court

3

1 can tend to other matters, including other motions in the same case. It may take months for
2 motions to be ruled upon, depending on the press of other court business, as the court tries to
3 allocate its limited resources fairly and reasonably among the hundreds of pending cases.

B.  Request For Writ Of Replevin

Plaintiff filed a request for a writ of replevin in which he asked the court to order some defendants and some non-defendants to make arrangements to return some "bottles of computer Ink for a Jet Ink Computer Printer" that Atterbury left behind at Napa State Hospital because he was rushed out of the facility once a court ordered him released. Request For Writ Of Replevin, p. 1 (docket # 56.). He also requested the writ issue to compel those same people to send to him a hefty amount of property that Napa State Hospital reportedly had stored for Bartolo Mullen, an inmate who was transferred to state prison. Id. at 2. Atterbury had a letter from Mullen that allegedly authorized him to retrieve "more than a car load" of personal property. See Notice Of New Information, unnumbered exhibit (docket # 57). Mullen later rescinded his request for Atterbury to pick up Mullen's personal property, but Atterbury still wanted his other request considered. Notice Of New Information, p. 1 ("I still want my ink returned as stated in the petition for replevin.").

The request for a writ of replevin is DENIED without prejudice to Atterbury filing an action in state court seeking such relief. (Docket # 56.)  Although this court has the authority to issue "all writs necessary or appropriate" in aid of its jurisdiction "and agreeable to the usages and principles of law," 28 U.S.C. § 1651, Atterbury has not shown that his requested writ is necessary or appropriate in aid of the court's jurisdiction in this action. The only claim for relief that has been found cognizable is the one for a violation of Atterbury's Eighth Amendment rights when he was in the hospital. Computer ink simply has nothing to do with that claim. As noted, although Atterbury may not pursue his replevin claim in this action, he remains free to file such a claim in state court.

C.  Request To File Motion For Reconsideration And To E-File

Atterbury filed a "request to file motion for reconsideration and renewed request for PACER access and to utilize electronic filing." The request is DENIED. (Docket # 49.)

4

1  Atterbury will not be given permission to file a motion for reconsideration because he has not
2  presented newly discovered evidence, the court did not commit clear error or make a
3  manifestly unjust decision as dismissal of the dismissed claims was proper, and there has not
4  been a change in controlling law. See School Dist. No. 11 v. ACandS, Inc., 5 F.3d 1255,
5  1263 (9th Cir. 1993), cert. denied, 512 U.S. 1236 (1994); Civil L.R. 7-9.

6  With respect to his e-filing request, it appears that Atterbury has mixed up two
7  different things: ECF and PACER. ECF is the acronym for Electronic Case Filing, a filing
8  system that allows parties to file and serve documents electronically. PACER is the acronym
9  for Public Access to Court Electronic Records, the system used to view case dockets and
10 documents that have been electronically filed in cases other than the pending one. Although
11 he states he wants access to PACER, his description indicates he wants access to ECF so that
12 he may e-file. See Docket # 47 (letter requesting "permission to electronically file (PACER)
13 pleadings with the court and adverse parties"); docket # 49 (request in which he asked the
14 court "to permit me to use electronic filing for the Court's convenience, the adverse party's
15 convenience, my convenience, and to save money on postage and mailing supplies").

16 Atterbury did not need a court order to grant him permission to e-file. If Atterbury
17 wants to use ECF, he should consult the court's public website, www.cand.uscourts.gov,
18 click on the "ECF" link, and register himself. By going through the registration process,
19 Atterbury should be able to figure out whether he has the necessary computer and internet
20 access equipment to successfully e-file before the court needs to decide whether to make this
21 an e-filing case. Once Atterbury has successfully registered himself, he may file a motion to
22 have this case deemed an e-filing case for all further purposes. If the case is deemed an e-
23 filing case, all documents (orders and motions) will be served on him only electronically (and
24 no paper copy will be sent to him). As an ECF litigant, he may view and download any order
25 or motion filed by an opponent in the case once without charge. There are no fees to be
26 waived for participation in the ECF program. This case started as a paper filing case
27 because it involved a litigant in custody who did not have ready access to a computer and the
28 internet for e-filing, but now that the litigant apparently does have such access he may try to

use the e-filing system.

D.    <u>Motion For Summary Judgment</u>

The court set a briefing schedule that required defendants to file their dispositive motion by June 5, 2009, plaintiff to file his opposition by July 10, 2009, and defendants to file their reply by July 31, 2009. Defendants filed their motion for summary judgment by the deadline. Although Atterbury quickly filed a document entitled "Plaintiff Requests Full And Fair Opportunity To Properly And Meaningfully Refute And Oppose Defendants' Motion For Summary Judgment," he never bothered to file an opposition, nor did he request an extension of time to do so. Notwithstanding plaintiff's inexcusable neglect in letting the opposition deadline pass while taking the time to file his various other documents, the court will permit him one last chance to file his opposition to the motion for summary judgment. The court now sets the following schedule:

1.    Plaintiff's opposition to the summary judgment must be filed with the court and served upon defendants no later than **December 24, 2009**. Plaintiff must bear in mind the notice and warning regarding summary judgment included in the order of service as he prepares his opposition to any summary judgment motion. This deadline will not be further extended for any reason; by the time it arrives, plaintiff will have had more than six months to prepare his opposition. Plaintiff is reminded that, because he is no longer in custody, his opposition must be filed at the courthouse (and not merely mailed) by the deadline.

2.    If defendants wish to file a reply brief, the reply brief must be filed and served no later than **January 8, 2010**.

IT IS SO ORDERED.

Dated: December 8, 2009

_____
Marilyn Hall Patel
United States District Judge